IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALFREDO P. GALINDO,

    Petitioner,

v.

BRAD CAIN,

    Respondent.

Case No. 2:17-cv-00105-MO

OPINION AND ORDER

    Nell Brown
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Ellen F. Rosenblum, Attorney General
    Samuel A. Kubernick, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Marion County convictions and resulting 300-month sentence dated June 2, 2010. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#17) is denied.

**BACKGROUND**

Petitioner's stepdaughter, Mandy, operated a daycare business within her apartment. As part of that business, she watched Kandra B.'s three children, including her four-year-old daughter, J.B. One day J.B. informed Kandra that while Mandy was absent from the apartment, Petitioner touched her vagina and orally sodomized her. Kandra contacted law enforcement, and the Marion County Grand Jury indicted Petitioner on one count of Sodomy in the First Degree and one count of Sexual Abuse in the First Degree. Respondent's Exhibit 102. A jury unanimously convicted Petitioner of both charges, and the trial court imposed a 300-month prison sentence for the Sodomy conviction as well as a concurrent 75-month sentence for the Sexual Abuse conviction.[1] Respondent's Exhibit 106, p. 58.

Petitioner took a direct appeal where he alleged that this 300-month sentence violated the Eighth Amendment. He conceded in his Appellant's Brief that the claim was unpreserved for appellate review because he did not object to the sentence at the

---

[1] Both sentences were statutorily required pursuant to ORS 137.700. The 300-month sentence for Sodomy in the First Degree was a result of Oregon's passage of "Jessica's Law" in 2006 which requires a 300-month sentence for crimes committed by adults who rape, sodomize, or sexually penetrate a child who is under 12 years of age. ORS 137.700(2)(b).

2 - OPINION AND ORDER

trial level, but he asked the Oregon Court of Appeals to review the imposition of his 300-month sentence as "plain error."[2] The Oregon Court of Appeals affirmed the Circuit Court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *State v. Galindo,* 249 Or. App. 334, 378 P.3d 141, rev. denied, 352 Or. 107, 284 P.3d 485 (2012).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County. Petitioner's appointed PCR attorney amended the *pro se* Petition to omit various claims, including claims that trial counsel was ineffective for failing to: (1) present mitigation evidence; and (2) and challenge the imposition of the mandatory minimum sentence. Petitioner did not agree with counsel's decision to omit claims he initially raised *pro se.* This prompted him to file a "*Church v. Gladden*" motion seeking their inclusion in his Amended PCR Petition.[3]

The PCR court held a hearing on Petitioner's *Church* claims and determined that the claims were either procedurally deficient or lacked merit. Respondent's Exhibit 119. Accordingly, the PCR court did not substitute counsel or compel Petitioner's appointed attorney to present Petitioner's desired claims. The PCR court did, however, find in Petitioner's favor as to the claims counsel

---

[2] ORAP 5.45(1) provides a mechanism whereby an unpreserved claim may still be considered on appeal--"the appellate court may consider an error of law apparent on the face of the record." This provision allows the Oregon Court of Appeals to consider unpreserved errors of law which are "obvious" and "not reasonably in dispute." *Ailes v. Portland Meadows, Inc.,* 312 Or. 376, 381, 823 P.2d 956 (1991).

[3] In *Church v. Gladden,* 244 Or. 308, 311-312, 417 P.2d 993 (1966), the Oregon Supreme Court held that a litigant must inform the court of an attorney's failure to follow a legitimate request, and that the litigant can ask to have counsel replaced or ask the court to require the attorney to comply with the litigant's request.

3 - OPINION AND ORDER

raised in the Amended PCR Petition. Specifically, it found both trial and appellate counsel to be ineffective pertaining to the imposition of fees and fines. Respondent's Exhibit 120. The Oregon Court of Appeals affirmed that decision without opinion, and the Oregon Supreme Court denied review. *Galindo v. Nooth,* 279 Or. App. 336, 384 P.3d 544, *rev. denied,* 360 Or. 697, 388 P.3d 712 (2016).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on January 23, 2017 and this Court appointed counsel to represent him. With the assistance of appointed counsel, Petitioner filed his Amended Petition in which he raises the following grounds for relief:

    1. Trial counsel failed to conduct effective pretrial preparation and investigation, including failing to investigate and present witnesses, obtain records, conduct mitigation investigation, and consult with or retain experts;

    2. Trial counsel failed to move to suppress evidence, including statements Petitioner allegedly provided to police;

    3. Trial counsel failed to object at trial to improper vouching testimony by witnesses and statements by the prosecutor during closing argument, including statements made by the detective, the nurse, and the prosecutor that vouched for J.B.'s credibility or the credibility of her disclosures;

    4. Trial counsel failed to object at sentencing: (a) to the denial of Petitioner's right to allocution; and (b) to the imposition of a 25-year sentence that was constitutionally disproportionate in violation of the Eighth Amendment;

5. The trial court erred in admitting prejudicial vouching evidence during trial and closing arguments in violation of the Fourteenth Amendment;

6. The trial court erred in imposing a sentence in violation of the Eighth Amendment's prohibition on cruel and unusual punishment; and

7. The prosecutor made improper statements during closing argument, including vouching for the credibility of the victim and using statements Petitioner made to officers knowing that they were taken in violation of his state and federal constitutional rights.

Respondent asks the Court to deny relief on the Petition because: (1) with the possible exception of Ground Six, all of Petitioner's claims are procedurally defaulted; and (2) even if Petitioner could circumvent the procedural bar as to Ground Six where he failed to make a trial-level objection to the legality of his sentence, the trial court did not contravene or unreasonably apply federal law when it imposed the 300-month sentence for the Sodomy conviction.

## DISCUSSION

### I. Unargued Claims

As noted above, Petitioner raises seven grounds for relief in his Amended Petition. In his supporting memorandum, however, Petitioner chooses to brief only two of his grounds for relief: (1) the Ground Four claims that trial counsel failed to move to suppress statements Petitioner allegedly made to law enforcement, failed to object to improper statements by the prosecutor in her closing arguments, and abandoned him at sentencing; and (2) the Ground Six claim that the trial court's imposition of a 300-month

sentence is unconstitutional. Where Petitioner does not argue the remainder of his claims, he has not carried his burden of proof with respect to these unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (Petitioner bears the burden of proving his claims).

## II. **Exhaustion and Procedural Default**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*,

6 - OPINION AND ORDER

501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

A.  **Ground Four: Ineffective Assistance of Counsel**

Respondent argues that although Petitioner raised his Ground Four ineffective assistance of counsel claims in his *pro se* PCR Petition, the PCR court did not consider them because they were not included in his Amended PCR Petition. Petitioner claims that he did, in fact, fairly present his Ground Four claims because he followed all of the steps Oregon provided for him. He asserts that where he included the claims in his *pro se* PCR Petition and filed a *Church* motion promoting their inclusion in the Amended PCR Petition, he could not reasonably have been expected to do more.

Fair presentation required Petitioner to raise his claims to the Oregon Supreme Court in a context in which it would assess the merits of his claims. Petitioner did not include his Ground Four claims in his Petition for Review to the Oregon Supreme Court. Respondent's Exhibit 123. Consequently, where Oregon's highest court did not have an opportunity to pass on the merits of these claims, Petitioner failed to fairly present them. Because he can no longer present these claims in state court, they are procedurally defaulted.

7 - OPINION AND ORDER

### 1. Inadequate State Process

As an alternative argument, Petitioner contends that he should be excused from the exhaustion requirement altogether because there was no viable way for him to raise his Ground Four issues in state court thereby rendering Oregon's state corrective process ineffective to protect his rights under *See* 28 U.S.C. § 2254(b)(1)(B)(ii). According to Petitioner, when the PCR court refused to require counsel to include the desired *pro se* claims or provide substitute counsel who would pursue them, there was no way to ever have the merits of the claims considered in Oregon's courts.

As an initial matter, there is no indication that the PCR court required Petitioner to proceed with an appointed attorney despite his wishes to proceed *pro se.* In this regard, Petitioner had the option to proceed *pro se* on the claims he wished to pursue, or proceed with appointed counsel on claims counsel presumably believed were more meritorious and which, in fact, ultimately prevailed. Accordingly, Petitioner did have an avenue by which to fairly present his Ground Four claims, and the state corrective process did not become ineffective due to the appointment of counsel for an indigent litigant.

In addition, Petitioner's argument overlooks the fact that even with appointed counsel, he had an opportunity to raise his *pro se* claims and advocate for their inclusion in his Amended PCR Petition by way of his *Church* motion. The fact that the PCR court concluded that his *pro se* claims did not merit inclusion for reasons both procedural and substantive does not render the state

court process ineffective. Indeed, a *Church* motion is most analogous to a motion to amend a complaint, something which a court may deny if it finds that the claims to be added are not viable. Such rulings do not render the judicial process ineffective.

Moreover, although Petitioner states that he could not have done anything more to fairly present his Ground Four claims to Oregon's state courts, he did not appeal the PCR court's *Church* ruling as to the Ground Four claims even though the entire basis of his appeal was to challenge the PCR court's *Church* ruling. Respondent's Exhibit 121. Instead, he limited his appeal to whether the PCR court erred in resolving the *Church* motion only by failing to require counsel to include a claim that Petitioner was factually innocent of his crimes. *Id* at 8. Nothing in the record suggests that Petitioner had a disagreement with appellate counsel over this issue and, even if he did, the record does not reflect that he sought leave of the Oregon Court of Appeals to file a supplemental *pro se* appellant's so as to raise his desired claims. For all of these reasons, Oregon's state corrective process was not ineffective to protect Petitioner's rights.

2. **Conflict of Interest**

In the second alternative, Petitioner maintains that the *Church* procedure put him at odds with his PCR attorney, thereby generating a conflict of interest that amounts to cause and prejudice to excuse his default. A habeas petitioner seeking to overcome a procedural default through a showing of cause and prejudice must show that some factor, external to the defense and

9 - OPINION AND ORDER

not attributable to him, prevented him from complying with a state procedural rule, and that he suffered actual prejudice as a result. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Frady*, 456 U.S. 152, 170 (1982). The strategic decision regarding which claims to advance is not a factor external to the defense.

### 3. <u>Ineffective Assistance of PCR Counsel</u>

In the third alternative, Petitioner asserts that PCR counsel was ineffective for failing to understand the Ground Four sentencing claim and raise it to the PCR court. Traditionally, the performance of PCR counsel could not be used to establish cause and prejudice to excuse a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991) (only the constitutionally ineffective assistance of counsel constitutes cause); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) (there is no constitutional right to counsel in a PCR proceeding). However, in *Martinez v. Ryan,* 566 U.S. 1, 4 (2012), the Supreme Court found "it . . . necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id* at 8. It concluded, "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.*

In order to establish cause to excuse his default pursuant to *Martinez*, Petitioner must show first that his underlying claim of ineffective assistance of trial counsel is substantial insofar

as it has "some merit." Next, he must demonstrate that his PCR attorney was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), for failing to raise the claim. "[T]o fulfill this requirement, a petitioner must not only show that PCR counsel performed deficiently, but also that this prejudiced petitioner, i.e., that there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different." *Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2017) (quotation omitted). Such a finding would necessarily require the Court to conclude that there is a reasonable probability that the trial-level ineffective assistance claim would have succeeded had it been raised. *Id*.

According to Petitioner, trial counsel effectively abandoned him at sentencing and abdicated his role as advocate, acquiescing to the imposition of a 300-month sentence despite the availability of mitigation arguments. Petitioner claims that his punishment is too severe for his conduct, and that Oregon case law issued prior to his trial gave counsel the opportunity to convincingly argue for a downward departure irrespective of the mandatory minimum nature of the Jessica's Law sentence. He directs the Court to *State v. Rodriguez/Buck,* 347 Or. 46 (2009), where the Oregon Supreme Court affirmed two different trial court decisions departing downward from mandatory minimum sentences one year prior to his trial.

*Rodriguez/Buck* was a consolidated appeal of two criminal defendants who were convicted of Sexual Abuse in the First

11 - OPINION AND ORDER

degree, a crime Oregon punishes under Measure 11 with a mandatory minimum sentence of 75 months in prison. Defendant Rodriguez's case involved her holding the back of a 12-year-old's head against her clothed breasts for about one minute while massaging the sides of his head. Defendant Buck let the back of his hand remain against the clothed buttocks of a 13-year-old girl when she leaned back against his hand several times, and he also twice wiped dirt off the back of her shorts. The Oregon Supreme Court concluded that the imposition of a mandatory minimum term of 75 months in each of those cases "shocked the conscience" and was unconstitutionally disproportionate to the facts of the crimes under Article I, section 16 of the Oregon Constitution. 347 Or. at 78-79.

In stark contrast to *Rodriguez/Buck,* Petitioner in the case at bar digitally and orally contacted the four-year-old victim's bare vagina. Based upon the particulars of Petitioner's crime, his case is much more analogous to the situation in *State v. Alwinger* 231 Or. App. 11, 217 P.3d 692 (2009), *adhered to as modified on recons.*, 236 Or. App. 240 236 P.3d 755 (2010). *Alwinger* addressed a single instance of digital penetration that occurred while the defendant toweled off the three-year-old victim after she had been playing in a sprinkler. The Oregon Court of Appeals determined that the imposition of a 300-month sentence pursuant to Jessica's Law did not offend either the proportionality clause of Article I, section 16 of the Oregon

Constitution or the Eighth Amendment of the U.S. Constitution.[4] 231 Or. App. at 18-19. In light of this governing case law at the time of Petitioner's trial, and given the significant factual differences between Petitioner's case and that of *Rodriguez/Buck*, trial counsel was not on notice of a viable argument by which to obtain a lesser sentence for his client. Accordingly, Petitioner's claim of ineffective assistance of trial counsel is not substantial such that *Martinez* does not excuse his procedural default.

### 4. **Actual Innocence**

Finally, in the fourth alternative, Petitioner argues that he is actually innocent of his underlying criminal conduct. In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court addressed the process by which state prisoners may prove "actual innocence" so as to excuse a procedural default. The Court explained that in order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* at 324; *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000), *cert. denied*, 121 S.Ct. 1665 (2001). Ultimately, petitioner must prove that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327;

---

[4] In *Alwinger,* the Oregon Court of appeals also observed, "we have upheld a sentence of life imprisonment imposed on a recidivist offender 'for forcibly kissing a woman on the neck.'" 231 Or. App. At 17 (quoting *State v. Pardee*, 229 Or. App. 598, 603, 215 P.3d 870 (2009)).

*Bousley v. United States*, 523 U.S. 614, 623 (1998); *Downs*, 232 F.3d at 1040. In making this determination, this court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial." *Schlup*, 513 U.S. at 332.

Petitioner offers an investigator's report from May of this year which details a call the investigator had with Mandy. However, Mandy was unable to provide any new exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence to refute the evidence of guilt adduced at Petitioner's trial. At a minimum, in light of the investigator's conversation with Mandy, Petitioner cannot establish that no reasonable juror would find him guilty.[5] For all of these reasons, Petitioner is unable to excuse his procedural default.

### B.  Ground Six: Sentence Prohibited by Eighth Amendment

As Ground Six, Petitioner argues that the trial court violated the Eighth Amendment's prohibition against cruel and unusual punishment when it imposed the 300-month sentence pursuant to Jessica's Law. The State argues, as it did during direct appeal, that Petitioner made no such objection at trial, thereby failing to preserve his claim and rendering it ineligible for merits consideration by the Oregon Court of Appeals. As noted in the Background of this Opinion, Petitioner conceded the lack

---

[5] Because petitioner is not able to meet the *Schlup* gateway showing of actual innocence to excuse his procedural default, he cannot meet the more demanding showing required by *Herrera v. Collins,* 506 U.S. 390, 417 (1993), for a freestanding claim of actual innocence. *House v. Bell*, 547 U.S. 518, 555 (2006) (*Herrera* requires more convincing proof of innocence than *Schlup*).

of preservation during his direct appeal but asked the appellate court to adjudicate his claim on its merits as an issue of plain error.

The Court need not decide whether this procedural history constitutes fair presentation of Petitioner's Eighth Amendment claim because the claim is clearly without merit. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."). Specifically, the Supreme Court has upheld the imposition of a mandatory sentence of life imprisonment without the possibility of parole for a first-time offender based on possession of 672 grams of cocaine, *Harmelin v. Michigan*, 501 U.S. 957 (1991), upheld a total sentence of 50 years to life where a three-strikes offender stole a total of approximately $150.00 worth of videotapes during two incidents, *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003), and upheld a three-strikes sentence of 25 years to life for the theft of three golf clubs. *Ewing v. California*, 538 U.S. 11, 21-22 (2003). Given the gravity of Petitioner's conduct in this case, and to the extent the Oregon Court of Appeals addressed this claim on its merits, it did not unreasonably apply Supreme Court precedent when it denied relief on Petitioner's Eighth Amendment challenge to his 25-year sentence. *See* 28 U.S.C. § 2254(d) (setting forth standard of review for habeas corpus cases).
///
///

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#17) is denied. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __1st__ day of July, 2019.

                                              Michael W. Mosman
                                              United States District Judge